IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SONYA ALICIA MAYES, JA'QUEZ
PASCHAL, JA'VONTAE COLEMAN, and
ZYRESE MAYES,

    Plaintiffs,

v.

                                  Case No.: 1:23-cv-00001

AUGUSTA-RICHMOND COUNTY
GOVERNMENT, RICHMOND COUNTY
SHERIFF'S OFFICE, SHERIFF RICHARD
ROUNDTREE, individually and in his
official capacity, and JOHN DOES,

    Defendants.

## ANSWER

COME NOW Defendants and file this Answer to Plaintiffs' Complaint, showing the

Court the following:

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims fail due to lack of subject matter jurisdiction.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of qualified and official

immunity.

### FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity.

**FIFTH DEFENSE**

To the extent they are being sued in an official capacity, Defendants are entitled to immunity pursuant to the 11th Amendment of the United States Constitution.

**SIXTH DEFENSE**

Sheriff Roundtree in an official capacity is not a person subject to suit within the meaning of § 1983.

**SEVENTH DEFENSE**

The Richmond County Sheriff's Office is not a legal entity subject to suit.

**EIGHTH DEFENSE**

Augusta, Georgia cannot be held vicariously liable for any acts committed by Sheriff Roundtree or John Does.

**NINTH DEFENSE**

Plaintiffs' claims against John Does constitute improper fictitious party pleading.

**TENTH DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitation and the equitable doctrines of laches, waiver, and estoppel.

**ELEVENTH DEFENSE**

Defendants specifically reserve the right to raise additional claims or defenses which may become available.

**TWELFTH DEFENSE**

Defendants hereby respond to the individually numbered paragraphs of Plaintiffs' complaint as follows:

1. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 1 of Plaintiffs' complaint.

2.  Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 2 of Plaintiffs' complaint.

3.  Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 3 of Plaintiffs' complaint.

4.  Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 4 of Plaintiffs' complaint.

5.  Defendants deny the allegation set forth in paragraph 5 of Plaintiffs' complaint.

6.  Defendants admit that Richard Roundtree is Sheriff of Richmond County and may be served in accordance with the Federal Rules of Civil Procedure.

7.  Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 7 of Plaintiffs' complaint.

8.  Defendants admit only that Exhibit A speaks for itself.  To the extent that that further answer is required, Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 8 of Plaintiffs' complaint.

9.  Defendants deny the allegation set forth in paragraph 9 of Plaintiffs' complaint.

10. Defendants deny the allegation set forth in paragraph 10 of Plaintiffs' complaint.

11. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 11 of Plaintiffs' complaint.

12. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 11 above.

13. Defendants deny the allegation set forth in paragraph 13 of Plaintiffs' complaint.

14. Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 14 of Plaintiffs' complaint.

15. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 14 above.

16. Defendants deny the allegation set forth in paragraph 16 of Plaintiffs' complaint.

17. Defendants deny the allegation set forth in paragraph 17 of Plaintiffs' complaint.

18. Defendants deny the allegation set forth in paragraph 18 of Plaintiffs' complaint.

19. Defendants deny the allegation set forth in paragraph 19 of Plaintiffs' complaint.

20. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 19 above.

21. Defendants deny the allegation set forth in paragraph 21 of Plaintiffs' complaint.

22. Defendants deny the allegation set forth in paragraph 22 of Plaintiffs' complaint.

23. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 22 above.

24. Defendants deny the allegation set forth in paragraph 24 of Plaintiffs' complaint.

25. Defendants deny the allegation set forth in paragraph 25 of Plaintiffs' complaint.

26. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 25 above.

27. Defendants deny the allegation set forth in paragraph 27 of Plaintiffs' complaint.

28. Defendants deny the allegation set forth in paragraph 28 of Plaintiffs' complaint.

29. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 28 above.

30. Defendants deny the allegation set forth in paragraph 30 of Plaintiffs' complaint.

31. Defendants incorporate as if restated herein their responses set forth in paragraphs 1 through 13 above.

32. Defendants deny the allegation set forth in paragraph 32 of Plaintiffs' complaint.

4

33. Defendants deny the allegation set forth in paragraph 33 of Plaintiffs' complaint.

34. Defendants deny the allegation set forth in paragraph 34 of Plaintiffs' complaint.

35. Defendants deny the allegation set forth in paragraph 35 of Plaintiffs' complaint.

**THIRTEENTH DEFENSE**

Defendants deny each and every requested prayer for relief contained in Plaintiffs' Complaint.

**FOURTEENTH DEFENSE**

To the extent that an answer to any allegation was omitted, Defendants hereby deny all such allegations.

**Wherefore**, Defendants pray that this Court:

a. Dismiss Plaintiffs' Complaint with prejudice;

b. Grant judgment to the Defendants;

c. Assess all costs against Plaintiff; and

d. Award such other and further relief as just and proper.

Respectfully submitted this 11th day of January 2023.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SONYA ALICIA MAYES, JA'QUEZ
PASCHAL, JA'VONTAE COLEMAN, and
ZYRESE MAYES,

    Plaintiffs,

v.

AUGUSTA-RICHMOND COUNTY
GOVERNMENT, RICHMOND COUNTY
SHERIFF'S OFFICE, SHERIFF RICHARD
ROUNDTREE, individually and in his
official capacity, and JOHN DOES,

    Defendants.

Case No.: 1:23-cv-00001

## CERTIFICATE OF SERVICE

    This is to certify that the within and foregoing **Answer** was served upon the following party in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system or by mailing a copy via United States Mail with adequate postage attached thereon to:

Travis O. Foreman
Law Office of Travis O. Foreman, LLC
2133 Lawrenceville-Suwanee Road
Suite 12-427
Suwanee, GA 30024
travisoforemanlaw@gmail.com

Jacques Alpacino Barker
Barker Law Group, LLC
4850 Sugarloaf Parkway
Suite 209-326
Lawrenceville, GA 30044
Jacques.barker@blgatl.com

This 11th day of January 2023.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile:  706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com